J-S02029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAMIAN A. LAYTON | |
| Appellant | No. 1879 EDA 2016 |

Appeal from the PCRA Order May 9, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0004081-2005

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MOULTON, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 11, 2017**

Appellant, Damian A. Layton, appeals from the May 9, 2010 order entered in the Court of Common Pleas of Delaware County ("PCRA court") denying his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

This Court previously summarized the factual history of the matter as follows.

>  In December 2004, Newtown Township Police Detective John Newell received information from a confidential informant that the occupants of 2405 Peoples Street, Chester, Pennsylvania, were selling cocaine from inside of the residence. The informant indicated that "Larry" and "Damian" were selling cocaine, and that the informant had purchased cocaine at the residence.  This purchase took place two weeks prior to the date that police applied for a search warrant of the premises.  In addition, Detective Newell conducted a controlled purchase of narcotics, using the same informant, within 48 hours of the application for the search warrant.

On April 1, 2005, police executed a search warrant at the Peoples Street residence. Police Detective Christopher Sponaugle proceeded to the second floor of the residence, where he observed [Appellant] and co-defendant Kenneth Byrd ("Byrd") run out of a bedroom and move rapidly into the bathroom, closing the door behind them. Detective Sponaugle and two other officers tried to force the door open. During this time, Detective Sponaugle heard the sound of a flushing toilet. When the door finally opened, Detective Sponaugle observed [Appellant] standing and Byrd squatting next to the toilet. According to Detective Sponaugle, both [Appellant] and Byrd were wet, a sandwich bag was floating in the toilet, white powder residue was on the bathroom floor and there was an odor of cocaine in the bathroom. [Appellant] and Byrd subsequently were placed under arrest.

After a bench trial, the trial court convicted [Appellant] of the above described offenses.[1] The trial court subsequently sentenced [Appellant] to an aggregate prison term of 54-108 months.

*Commonwealth v. Layton*, 504 EDA 2007, Unpublished Memorandum at 1-2 (Pa. Super. filed Feb. 2, 2009). This Court affirmed the judgment of sentence on February 2, 2009. *See id.* Following a PCRA petition to reinstate his appellate rights *nunc pro tunc*, our Supreme Court denied Appellant's petition for allowance of appeal on June 22, 2010. *Commonwealth v. Layton*, 997 A.2d 1176 (Pa. 2010). Therefore, Appellant's judgment of sentence became final on September 20, 2010.

_____

[1] Appellant was convicted of possession of a controlled substance, possession of a controlled substance with the intent to deliver, possession of drug paraphernalia, and conspiracy to possess a controlled substance with the intent to deliver. 35 P.S. § 780-113(a)(16), (30), (32); 18 Pa.C.S.A. § 903.

Appellant filed a *pro se* PCRA petition on March 22, 2011. The PCRA court appointed counsel, and counsel filed a **Turner/Finley**[2] no-merit letter contemporaneously with an application to withdraw. The PCRA court dismissed Appellant's PCRA petition on March 8, 2012. Appellant filed a notice of appeal, and this Court affirmed the PCRA court's dismissal on August 15, 2014.

On October 24, 2014, Appellant filed a second *pro se* PCRA petition, the instant petition, asserting an ineffective assistance of counsel claim. The Commonwealth filed a response on February 13, 2015, and Appellant filed a reply on February 23, 2015. The Commonwealth filed a supplemental response on March 4, 2015. On August 5, 2015, Appellant filed a petition to amend his PCRA petition to assert an **Alleyne**[3] claim. On August 7, 2015, the PCRA court appointed Scott Galloway, Esquire, as counsel for Appellant after determining that an evidentiary hearing on Appellant's petition was necessary. Counsel filed an amended PCRA petition on November 5, 2015.

An evidentiary hearing was held on January 22, 2016, during which the PCRA court heard testimony from Mary Mann, Esquire, Lawrence Narcisi, Esquire, Elliot Cohen, Esquire, and Appellant. On January 28, 2016, Appellant and the Commonwealth filed a written stipulation as to the

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (**en banc**).

[3] **United States v. Alleyne**, 133 S.Ct. 2151 (2013).

testimony of Rob Levant, Esquire, from a PCRA hearing on September 7, 2010.[4]  On May 9, 2016, the PCRA court entered an order denying Appellant's PCRA petition.  Appellant filed a timely notice of appeal on June 6, 2016, and a concise statement on July 11, 2016.  The PCRA court issued an opinion on September 7, 2016.

Appellant raises a sole issue on appeal.

I.     Was the [PCRA] court in error for denying the amended post conviction relief act petition alleging ineffectiveness on the part of trial counsel for not conveying an offer to [Appellant] prior to the commencement of trial[.]

Appellant's Brief at 4.

First, we must address whether the PCRA court had jurisdiction to reach the merits of Appellant's petition.  This Court "may *sua sponte* consider whether we have jurisdiction to consider the merits of the claims presented."  ***See Commonwealth v. Harris***, 114 A.3d 1, 6 (Pa. Super. 2015) (citation omitted).  Moreover, "[w]hen a PCRA court lacks jurisdiction to consider the merits of a petition, we likewise lack jurisdiction to consider an appeal from disposition of the petition."  ***Id.*** (citation omitted). Applicable to the matter *sub judice*, in order for a PCRA court to have jurisdiction, the petition must "be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner

_____

[4] This testimony occurred during a hearing on Appellant's co-defendant Kenneth Byrd's PCRA petition.

- 4 -

proves that . . . the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b).

While Appellant's petition is facially untimely, he pled an exception to the timeliness requirement. Specifically, that he was unaware of the plea offer until April 2013.[5] When reviewing an order denying a PCRA petition, this Court "must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. The PCRA court's credibility determinations, when supported by the record are binding on this Court." *Commonwealth v. Spotz*, 18 A.3d 244 , 259 (Pa. 20101) (citing *Commonwealth v. Johnson*, 966 A.2d 523, 532, 539 (Pa. 2009); *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008)).

The PCRA court held a hearing and found the testimony of Mary Mann, Esquire, Lawrence Narcisi, Esquire, and the stipulation entered into on January 28, 2016, in which Rob Levant, Esquire, "stated he specifically recalled that an offer was conveyed to [Appellant] and Kenneth Byrd in the courtroom" to be credible. Trial Court Order, 5/9/2016. The trial court "found that a plea offer was made, and that a plea offer was conveyed to

---

[5] As Appellant's first PCRA petition was on appeal at the time he discovered this information, he was unable to file a second PCRA petition until the first petition had been resolved. *See Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000).

- 5 -

[Appellant] in this case by counsel." ***Id.*** As this Court is bound by the credibility determinations of the PCRA court, and the determinations are supported by the record, we find that while Appellant properly pled a timeliness exception, he failed to prove such exception. The PCRA court, having found that the plea offer was conveyed to Appellant well before April 2013, was without jurisdiction to address the merits of Appellant's petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/11/2017